Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:   (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED KOTCHEFF, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>IVAN DEMETRIUS KAFALLO, a/k/a IVAN KAFALLO, a/k/a IVAN KAFALOFF, a/k/a IVAN DEMETRIUS KAFFELO, an Individual; and DOES 1-10,<br><br>Defendants. | Case No.: CV14-3558<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

TED KOTCHEFF hereby asserts and alleges his claims for relief as to and against the above-named Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because claims in this action arise under the Copyright Act, Title 17 U.S.C., § 501 et seq.

- 1 –
COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338(a) and (b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, TED KOTCHEFF, is an individual residing in Los Angeles County, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant IVAN DEMETRIUS KAFALLO, a/k/a IVAN KAFALLO, a/k/a IVAN KAFALOFF, a/k/a IVAN DEMETRIUS KAFFELO (all to be referred to as "KAFALLO") is an individual residing in Los Angeles County, California at 4145 Woodman, Sherman Oaks, California 91423.

6. Plaintiff is currently unaware of the true names and capacities of Defendant DOES 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff is informed and believe, and based thereon alleges, that DOES 1 through 10, inclusive, and each of them, participated in the wrongful acts alleged herein, and are liable for those acts.

7. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10, inclusive, knew and participated in one or more of the specific acts committed by Defendants, and counseled Defendants and other DOE defendants in perpetrating those wrongful acts, and/or aided and counseled Defendants and other DOE defendants in concealing those acts from Plaintiff, as alleged more fully hereinbelow.

8. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend

this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff KOTCHEFF is a well-regarded director, with an impressive and expansive track record. KOTCHEFF has directed such films as *Rambo: First Blood*, and *Uncommon Valor*. KOTCHEFF has received numerous awards, including a BAFTA Award, multiple Cannes Film Festival Awards, and a Director's Guild of Canada Lifetime Achievement Award.

11. The instant action arises due to threats, claims, and remarks made by Defendant KAFALLO against KOTCHEFF. These included claims of legal action regarding a purported ownership or authorial interest in KOTCHEFF's film project about King Boris III of Bulgaria (hereinafter "Boris Project").

12. KOTCHEFF conceived and began developing the Boris Project prior to any communication or involvement with KAFALLO. KOTCHEFF created the Boris Project independently as an original work.

13. While KOTCHEFF was developing the Boris Project, KAFALLO and KOTCHEFF communicated in regard to the possibility of KAFALLO working on the Boris Project.

14. KOTCHEFF discussed with KAFALLO certain research regarding King Boris III.

15. Plaintiff is informed and believes and thereon alleges that KAFALLO alleged to KOTCHEFFF that KAFALLO researched and wrote a basic text regarding King Boris III and based this writing on historical facts and records, books, periodicals, and internet materials (hereinafter "KAFALLO Text").

16. KOTCHEFF and KAFALLO understood when discussing King Boris III and the Boris Project that neither party would be obligated to the other and KOTCHEFF could pursue the Boris Project with other collaborators and KAFALLO could do with his research as KAFALLO saw fit.

17. KOTCHEFF provided notice to KAFALLO that KOTCHEFF did not want to work with KAFALLO or develop the KAFALLO Text.

18. KOTCHEFF and KAFALLO never reached an agreement to work together and no professional relationship between the two was formed.

19. KOTCHEFF never entered into any agreement, express, implied or otherwise, with KAFALLO, and KOTCHEFF has not exploited any material that is original or proprietary to KAFALLO.

20. KOTCHEFF declined to pursue the development of the Boris Project with KAFALLO, and KAFALLO is not entitled to any proprietary interest in this film project or any legal recourse against KOTCHEFF with regard to the Boris Project.

21. Plaintiff is informed and believes that to the extent KAFALLO provided the KAFALLO Text to KOTCHEFF, he did so without conditioning any such disclosure on an obligation to pay, work with, or compensate KAFALLO.

22. KOTCHEFF, without any involvement from KAFALLO, pursued and continues to pursue the Boris Project.

23. Prior to the filing of this action, KAFALLO contacted KOTCHEFF regarding KOTCHEFF's development of the Boris Project. In doing so, KAFALLO

made numerous false, improper, and inflammatory statements about KOTCHEFF and the Boris Project. Such statements include, without limitation, statements that KOTCHEFF had misappropriated material from the KAFALLO Text and wrongfully excluded KAFALLO from involvement in the Boris Project.

24. KOTCHEFF is informed and believes, and thereon alleges, that KAFALLO sent similar false and inflammatory correspondence to certain of KOTCHEFF's business associates involved in the Boris Project.

25. Thereafter, in March of 2014, KAFALLO contacted KOTCHEFF and demanded, *inter alia*, that KOTCHEFF cease and desist from any further development of the Boris Project.

26. KAFALLO has conceded in writing the following: "[f]or the record, I'd like to stipulate that there was never a written or oral contract between Kotcheff and myself, nor was there a collaboration between the two of us on any level [...]"

27. Plaintiff is informed and believes and thereon alleges that the claims and threats made by KAFALLO in regard to the Boris Project will impede Plaintiff's ability to develop the Boris Project, and will otherwise cause damage to Plaintiff.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief ─ Against All Defendants, and Each.)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

29. An actual controversy has arisen and now exists between Plaintiff and Defendants and their partners and affiliates concerning their respective rights and duties they and their principals and alter egos have with regard to the Boris Project.

30. Plaintiff has a reasonable apprehension of a claim or threat of claim by KAFALLO that the Boris Project infringes KAFALLO's rights or is somehow derivative of KAFALLO's work.

31. Plaintiff seeks a declaration that his development, distribution, sale, and exploitation of the Boris Project does not infringe KAFALLO's copyrights.

32. Plaintiff desires a judicial determination of the rights and duties of the parties and a declaration of all Defendants' lack of right, ownership, authorship, and copyright(s) to and in the Boris Project. A judicial determination is necessary and appropriate per 28 U.S. Code § 2201 in order to ascertain the parties' rights and duties to one another.

33. So owing, Plaintiff seeks, and is entitled to, a judicial declaration that:
   a. KOTCHEFF has not infringed any purported copyrights or other intellectual property rights held by KAFALLO with regard to the KAFALLO Text or Boris Project;
   b. Plaintiff and KAFALLO are not joint authors of the Boris Project;
   c. The Boris Project is not derivative of KAFALLO's work and KAFALLO does not have any ownership or authorship interest in the Boris Project;
   d. No enforceable contract exists between Plaintiff and KAFALLO In regard to the KAFALLO Text or Boris Project;
   e. No enforceable quasi-contract or implied contract exists between Plaintiff and KAFALLO with regard to the KAFALLO Text or Boris Project;
   f. KAFALLO has no claim in connection with the exploitation of the Boris Project; and
   g. The Boris Project may be marketed, distributed, sold, and otherwise exploited by Plaintiff without any accounting or payment due to KAFALLO.

## SECOND CLAIM FOR RELIEF

(Injunctive Relief ─ Against All Defendants, and Each.)

34. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

35. Plaintiff requests and order restraining KAFALLO, his agents, servants, employees, successors, and assigns, and all others in concert and privity with him, from bringing any lawsuit or threat against Plaintiff or any other person or entity for copyright infringement or breach of contract in connection with the development, marketing, sale, distribution, or exploitation of the Boris Project.

36. An order restraining KAFALLO, his agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from representing to any party that Plaintiff's sale or distribution of the Boris Project violates any of the KAFALLO's copyrights or breaches any agreement with KAFALLO.

37. An order restraining KAFALLO, his agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from interfering with any transaction relating to the Boris Project on the grounds that it infringes KAFALLO's intellectual property rights;

38. Plaintiff is informed and believes and thereon alleges that the injunctive relief requested herein will protect Plaintiff from irreparable harm and should be granted in the interest of justice.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

a. That the Court issue a declaratory judgment in favor of Plaintiff;

b. That a declaratory judgment issue that finds and establishes the following:

   i. KOTCHEFF has not infringed any purported copyrights or other intellectual property rights held by KAFALLO with regard to the KAFALLO Text or Boris Project;

      ii. Plaintiff and KAFALLO are not joint authors of the Boris Project screenplay;

      iii. The Boris Project is not derivative of KAFALLO's work and KAFALLO does not have any ownership or authorship interest in the Boris Project;

      iv. No enforceable contract exists between Plaintiff and KAFALLO in regard to the KAFALLO Text or Boris Project;

      v. No enforceable quasi-contract or implied contract exists between Plaintiff and KAFALLO with regard to the KAFALLO Text or Boris Project;

      vi. KAFALLO has no claim in connection with the exploitation of the Boris Project; and

      vii. The Boris Project may be marketed, distributed, and sold by Plaintiff without any accounting or payment due to KAFALLO.

c. That injunctive relief be granted and an order issue restraining KAFALLO, his agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from:

      i. bringing any lawsuit or threat against Plaintiff or any other person or entity for copyright infringement or breach of contract in connection with the development, marketing, sale, distribution, or exploitation of the Boris Project;

      ii. representing to any third party that Plaintiff's sale, distribution, or exploitation of the Boris Project violates any of KAFALLO's copyrights or breaches any agreement with KAFALLO; and

      iii. interfering with any transaction relating to the Boris Project on the grounds that it infringes KAFALLO's intellectual property rights.

d. That Plaintiff be awarded the costs of this action

e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A JURY TRIAL PURSUANT TO FED. R. CIV. P. § 38 AND THE 7th AMENDMENT TO THE UNITED STATES CONSTITUTION.

                                          Respectfully submitted,

Dated: May 7, 2014          DONIGER / BURROUGHS

                                          By: /S/ Scott A. Burroughs
                                          Scott A. Burroughs, Esq.
                                          Attorneys for Plaintiff